220 So.2d 442 (1969)
Efrain T. SUAREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 68-878.
District Court of Appeal of Florida. Third District.
March 4, 1969.
Guilmartin & Bartel, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and HENDRY, JJ.
PEARSON, Judge.
The appellant filed in the trial court a motion to vacate judgment and sentence *443 pursuant to Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A. This appeal is from the order, entered after a hearing, denying the motion.
On January 20, 1965, after a jury trial the appellant was adjudged guilty of attempted abortion. On appeal to this court the judgment and sentence were affirmed in Rodriguez v. State, Fla.App. 1966, 189 So.2d 656.[1] We will not set forth the facts again since they are fully stated in that opinion. On this appeal Suarez does not controvert any of the facts as set out in the Rodriguez opinion nor does he impugn the fact-finding processes of the trial court.
He presents two points. The first urges that, having made an announcement of their identity, the raiding police officers may not be excused from announcing their purpose. The second urges that the raiding police officers were required under the circumstances of this case to obtain prior judicial authorization in advance of the search.
In oral argument the appellant states that he does not challenge the correctness of the opinion previously rendered except as to this court's determination that the material seized when he was arrested was admissible as evidence against him. We believe the following quotation from his brief fairly sets forth the appellant's position on the first point:
"A careful review of the decision on prior appeal (189 So.2d 656) reflects that but one point was there decided, namely, that the police officers who made the raid in question were justified in the belief that one of their members was in danger of receiving an anesthetic, thereby creating an emergency that would have justified their breaking and entering without any announcement of either identity or purpose.
"A careful review of the record, however, and the sequence of events leading up to the breaking and entering in issue, reflects that the entire basis of decision on prior appeal was unsupported by the record.
"Appellant does not suggest that there may not have been justification for withholding, entirely, any announcement of identity or purpose based upon a finding that the officers may have had reasonable grounds to fear for their fellow officer.
"The fact, however, was that notwithstanding that they might have avoided any announcement, the raiding officers clearly announced their identity. Indeed, according to the ranking police officer who broke the door down (Assistant Chief of Police, Glen Baron), identity was twice announced, with an acceptable interval in between * * *
"Under these circumstances the first proper question of law in this case is not whether any announcement may properly have been omitted but, rather, whether the raiding officers waived their right to rely upon the alleged emergency, when they admittedly made only half the required announcement. Stated another way, the question was, and is, whether the officers, having made a full announcement of identity, were excused from announcing their purpose as well."
We think the principle of res judicata is applicable to the points raised by appellant.
In Whitney v. State, Fla.App. 1966, 184 So.2d 207, we held that "res adjudicata in a Criminal Procedure Rule No. 1 [now Rule 1.850, Florida Rules of Criminal Procedure] matter should be applicable only to those items actually raised in the prior proceedings, and not to new grounds." To have been actually raised, the prior and subsequent points need not be phrased in identical words; it is sufficient if the substance of the points is identical. The substance of the points raised in the instant appeal is identical with the substance of points raised in the prior appeal.
*444 We arrived at the conclusion that the points on appeal in this case were actually raised in the Rodriguez opinion by considering the following elements of the Rodriguez case.
First is this holding announced by Judge Barkdull:
"It appears to me that these facts, known to the officers at the time they broke in, are consistent with a good faith belief on their part that they were excused from compliance with § 901.19(1) Fla. Stat., F.S.A., pursuant to the second exception outlined in Benefield v. State, Fla. 1964, 160 So.2d 706, which is relied upon so heavily in Judge Swann's opinion; and the officers were justified in making their entry. Furthermore, it must also be noted that in this latter cited case there was no contention that the officers at any time announced their authority nor their purpose, whereas in the instant case the officers did announce their authority and they did wait for a response prior to breaking the interior door." 189 So.2d at 660-661.
Second is this excerpt from Suarez's petition for a rehearing in the former appeal:[2]
"Judge Barkdull also emphasized and underlined in his Opinion the fact that the officers announced their authority and waited before breaking down the door. It is suggested that the Judge overlooked the real and true significance of these acts.
"In United States v. Barrow, 212 F. Supp. 837, the Court logically pointed out that:
`* * * The fact that some announcement was made dispels any doubt that the agents had no bona fide apprehension of peril if an announcement were made.'
"Further, an announcement of authority and waiting does not justify the Statute and is in direct conflict with Miller v. United States, 357 U.S. 301. [78 S.Ct. 1190, 2 L.Ed.2d 1332]."
Third is another excerpt from the petition for rehearing:
"To all of the Judges, I call to your attention that * * *
Question Six,
`Where police enter a fixed structure by deceit and fraud for the purpose of securing evidence upon which to base an arrest, whether the search and seizure of the evidence was exploratory from the beginning and therefore unreasonable and in violation of the Constitution?';
Question Seven,
`Where evidence is taken by the police from the premises of the accused and where the evidence is records, and where the evidence taken was not fruits of a crime, instrumentalities of committing a crime, or contraband, where said evidence is introduced against the accused over his objection, whether the seizure of such records was in violation of the Fourth Amendment to the federal Constitution and Section 22 of the Declaration of Rights of the Florida Constitution, and whether the admission in evidence of such papers was a violation of the Fifth Amendment to the federal Constitution and Section 12 of the Declaration of Rights of the Florida Constitution?',
were not discussed or even mentioned in the Opinions of any of the Judges. Perhaps a discussion of these points was unnecessary as the Opinion was originally drafted. However, it is essential to the Decision as it is now written."
*445 Fourth and last is the final paragraph of the Rodriguez opinion:
"Therefore these and the other grounds of the petition for rehearing having been found to be insufficient, the same be and it is hereby denied." 189 So.2d at 661.
When we regard the first, second, and fourth elements in conjunction we are convinced that the appellant's first point was actually raised in the prior appeal. And when we regard the third and fourth in conjunction we are convinced that the appellant's second point was actually raised in the prior appeal. Furthermore, we cannot agree with the appellant's contention that Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968), gives him new grounds for relief, since the Sabbath case has effected no change in the law regarding the right of a police officer to make a forceable entry.[3]
Another reason we affirm the order appealed from is that a petition under Rule 1.850, Florida Rules of Criminal Procedure, may not be used as a substitute for an appeal. Mitchell v. State, Fla.App. 1964, 167 So.2d 27. And a careful examination of the record and the briefs leads us to conclude that the appellant believes our holding in the Rodriguez opinion (that the entry and the search and seizure were lawful) was erroneous and that he is attempting by means of Rule 1.850 to appeal from his conviction a second time.
The appellant was tried by a jury and found guilty of attempted abortion. We affirmed the judgment of conviction in Rodriguez v. State, Fla.App. 1966, 189 So.2d 656.[4] The Supreme Court of Florida denied certiorari in Suarez v. State, Fla. 1967, 196 So.2d 923. The Supreme Court of the United States denied certiorari in Suarez v. Florida, 389 U.S. 848, 88 S.Ct. 66, 19 L.Ed.2d 116 (1967). He has had his day in court.
For the foregoing reasons we affirm the order denying the appellant relief under Rule 1.850, Florida Rules of Criminal Procedure.
Affirmed.
NOTES
[1] Suarez was one of the appellants in that case.
[2] Our examination of this court's files on the prior appeal is justified in this case because of the state's contention and our determination that the instant appeal is in actuality a continuation of the first appeal.
[3] Compare the Sabbath case with Benefield v. State, Fla. 1964, 160 So.2d 706.
[4] See note 1.