237 So.2d 223 (1970)
Eugene PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. N-237.
District Court of Appeal of Florida, First District.
July 9, 1970.
Eugene Peterson, in Pro. Per.
Earl Faircloth, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
Appellant seeks reversal of an order denying his motion to set aside and vacate his conviction for breaking and entering with intent to commit grand larceny. Appellant's conviction, along with those of his accomplices, was affirmed by this court on direct appeal. See Barber et al. v. State, Fla.App., 226 So.2d 35.
The order now being reviewed recites as its basis that the grounds asserted by appellant in his motion to vacate were matters which were or could have been raised in appellant's direct appeal to this court. We agree with the able trial judge.
Each of the matters raised by appellant in his motion to vacate clearly were matters which could or should have been raised on the direct appeal, except perhaps for appellant's present claim that he was denied the benefit of the assistance of competent counsel. None of the other claims go to the question of the trial court's jurisdiction to enter the judgment nor is it contended that the sentence imposed was not authorized by law. There is no showing that appellant's trial resulted in a denial or infringement of his constitutional rights so as to render the judgment of conviction vulnerable to collateral attack. See Austin v. State, 160 So.2d 730 (Fla. App. 1964). Appellant's claim directed to assistance of counsel is wholly without merit. Appellant was represented by able and dedicated counsel from the office of the Public Defender for the Second Judicial Circuit in and for Gadsden County, Florida. No defendant is guaranteed an acquittal by the constitution. Failure to be acquitted is too often blamed on defense counsel. This, of course, is a convenient place to lay the blame. However, defense counsel, no matter how ingenious he may *224 be, cannot prevent the State from demonstrating defendant's guilt through the use of lawful trial procedures. Taking note of the nature of the jury's verdict in appellant's case, defense counsel, who is now charged with incompetency, would have done a far better job for his client had the client not seen fit to break into the feed store or motor company with the intent to steal.
Affirmed.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.