PER CURIAM.
Dominick A. Bretti appeals from an order denying his Rule 1.850, 33 F.S.A., motion to vacate his judgment and sentence.
*528 For a statement of the reasons for the dismissal of his original appeal from the conviction see Bretti v. Wainwright, Fla.1969, 225 So.2d 516.
We will not consider an appeal from the denial of a Rule 1.850 motion as a substitute for the original appeal which Bretti abandoned. Mitchell v. State, Fla.App.1964, 167 So.2d 27.
Bretti argues that the trial court erred in denying his motion under Rule 1.850 because the original information was not personally sworn to as required by the Declaration of Rights, § 10 of the Florida Constitution of 1885, as amended, and § 906.04 of the Florida Statutes, F. S.A., and that this was a latent defect which was raised by him as soon as it was discovered.
Rule 1.140(g), CrPR, provides:
“An information shall be signed by the legally authorized prosecuting attorney under oath stating his good faith in instituting the prosecution. No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.” (Emphasis added)
It has been held that “ * * * the verification is not a substantial part of the information, and is merely to insure good faith in instituting the proceedings. Absence or omission * * * is only a formal defect and does not render the information void, and the defect may be waived.” Champlin v. State, Fla.App.1960, 122 So.2d 412. See also Gerlaugh v. Florida Parole Commission, Fla.1962, 139 So.2d 888; Champlin v. Cochran, Fla.1960, 125 So.2d 565; and Rule 1.140(o), CrPR.
The order herein appealed is
Affirmed.