PER CURIAM.
The appellant was found guilty by a jury of (1) assault with intent to commit rape; (2) committing a crime against nature; (3) entering without breaking with intent to commit robbery; (4) robbery. After judgment and sentence his appeal was filed in this court and the judgment and sentence were affirmed. See Tafero v. State, Fla.App.1969, 223 So.2d 564. A petition for certiorari was filed in the Supreme Court of Florida and denied by that court. Thereafter he filed a motion to vacate the judgment and sentence and an amended motion to vacate pursuant to Fla. CrPR 1.-850, 33 F.S.A. The trial court conducted an evidentiary hearing on the motion to vacate. The court denied the motion and entered an extensive order considering the several contentions advanced by the appellant. This appeal is from that order.
Appellant’s single point presented states only that the trial court erred in denying the motion. He urges first that his constitutional rights were violated at the police line-up where he was not afforded counsel. This point was discussed in the opinion which denied the first appeal. There should be an end to litigation. See Faulkner v. State, Fla.App.1969, 226 So.2d 441.
Appellant’s next point argues that the information was defective in that it was improperly sworn to. The trial court cited Champlin v. State, Fla.App.1960, 122 So.2d 412 in denying the motion. See also Bretti v. State, Fla.App.1970, 239 So.2d 527.
Appellant also urges that at his trial the court did not properly instruct the jury upon a lesser included offense. Appellant was represented at trial and upon appeal of the judgment by privately employed counsel. He may not now use a motion pursuant to Fla. CrPR 1.850 as a substitute for appeal. Peterson v. State, Fla.App.1970, 237 So.2d 223.
Finally appellant argues that the form of the verdict which says “Entering Without Breaking an Apartment Dwelling” was improper. The trial judge noted that the record does not show an objection to the form of the verdict and that the record does reflect a proper adjudication. This argument is one which if available at all should have been presented upon an appeal from the judgment and sentence. Appellant was afforded a fair trial and a violation of a constitutional right has not been shown.
Affirmed.