SWANN, Judge.
During his trial on criminal charges the attorneys for James Kish filed a motion to suppress certain evidence seized by the police during a search of his residence. It was argued that the search warrant which authorized the search of his residence “was issued without the requisite probable cause”. The motion to suppress the evidence was denied. After conviction and sentence Kish took a direct appeal to this court. The judgment of conviction and sentence were affirmed. Kish v. State, Fla.App.1967, 198 So.2d 639.
Later, Kish filed a petition to vacate the judgment and sentence under Rule 1.850, CrPR. 33 F.S.A. He sought an eviden-tiary hearing and alleged the search warrant authorizing the search of his premises was invalid because it was issued on the basis of an insufficient affidavit. He alleged that his attorneys assured him the legality of the affidavit and of the search and seizure would be raised as points in his direct appeal but acknowledges that those points were not raised or presented in that appeal. He alleged that he did not waive any rights with respect to the invalidity of the affidavit and the search and seizure. The trial court denied his petition to vacate without an evidentiary hearing and he has appealed from that order.
The record reveals that, at trial, the attorneys for Kish thoroughly and extensively examined the maker of the affidavit to determine whether the search warrant issued upon probable cause; that they received an adverse ruling on that point and did not raise that ruling as a point in his direct appeal. That matter could or should have been raised in the direct appeal. See Peterson v. State, Fla.App. 1970, 237 So.2d 223; Crusoe v. State, Fla.App.1966, 183 So.2d 600; and Duncan v. State, *890 Fla.App.1964, 161 So.2d 718. Austin v. State, Fla.App.1964, 160 So.2d 730 states:
“Generally, questions raised as to admissibility of evidence obtained as the result of an unlawful search are reviewable on appeal from the judgment of conviction but not upon a motion to vacate or set aside the sentence.”
A petition under Rule 1.850, CrPR. may not be used as a substitute for an appeal. Suarez v. State, Fla.App.1969, 220 So.2d 442.
The order appealed is
Affirmed.