Leon McCLUSTER, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71-2396

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 1972.

Bennett H. Brummer, Asst. Public Defender, Phillip A. Hubbart, Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Barry Scott Richard, Chief Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

The sole issue presented for our consideration in this case is whether the district court erred in dismissing the appellant's petition for the Writ of Habeas Corpus, without an evidentiary hearing, for failure to exhaust his state remedies as required by Title 28, U.S.C., Section 2254. We find that the appellant's state remedies were in fact exhausted and accordingly we reverse and remand.

In September of 1969, McCluster was convicted in a Florida court of robbery and sentenced to ten years in the state penitentiary. Upon direct appeal to the Florida District Court of Appeal, McCluster raised *inter alia*, the following issues:

(1) whether the trial court erred in restricting the defendant's right to cross-examination; and

(2) whether the trial court erred in permitting identification testimony based upon an allegedly illegal and suggestive lineup.[1]

The Florida District Court of Appeal affirmed McCluster's conviction by per curiam opinion on August 11, 1970. McCluster v. State, 238 So.2d 305 (Fla. App.3rd, 1970).[2] McCluster then applied to the Supreme Court of Florida for habeas corpus, the basis of that petition being the same two issues. The petition was denied October 19, 1970. McCluster subsequently sought habeas corpus relief in the lower court on the identical grounds raised in his state appellate proceedings.

In January 1971, the district court denied, without prejudice, McCluster's petition under the exhaustion of state remedies doctrine. Specifically, the district court based its ruling on the failure of the petitioner to present his claims to his Florida trial court through a Rule 1.-850, Fla.R.Crim.P., 33 F.S.A., collateral attack motion. McCluster then brought this appeal.

McCluster argues that:

(1) he satisfied the exhaustion requirement by presenting both of his federal claims not only on direct appeal to the Florida District Court of Appeal, the highest Florida court to which he could appeal, but also to the Florida Supreme Court by petition for a writ of habeas corpus; and

---

1. The only other issue raised on direct appeal by McCluster questioned the sufficiency of the evidence at trial to establish his guilt beyond a reasonable doubt.

2. The complete text of the opinion is as follows:
 "Affirmed. The procedure followed by the police did not violate the principles set forth in Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968). See also Raco v. State, Fla.App.1959, 114 So.2d 485; Urga v. State, Fla.App.1958, 104 So.2d 43."

(2) the Rule 1.850 motion required by the district court is unavailable to him; even if available, such motion would be repetitious and ineffective to protect his rights.[3]

 It is well established, at least since Brown v. Allen, 344 U.S. 443, 73 S. Ct. 397 and 437, 97 L.Ed. 469, reh. den., Speller v. Allen, 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370, that a federal habeas corpus petitioner who has previously had his claims considered by the highest court of the state on direct appeal[4] has exhausted his state remedies insofar as those claims are concerned, and is not required by § 2254 to present those claims to the state courts again in a collateral proceeding. Brown has often been applied in the Fifth Circuit. See, e. g., Bartz v. Wainwright, 5 Cir. 1971, 451 F.2d 663 [decided November 19, 1971]; Thomas v. Decker, 5 Cir. 1970, 434 F.2d 1033; Malone v. Wainwright, 5 Cir. 1970, 433 F.2d 927; and Hill v. Beto, 5 Cir. 1968, 390 F.2d 640, cert. den. 393 U.S. 1007, 89 S.Ct. 491, 21 L.Ed.2d 472. Thus, after a thorough search of the record in the instant case and the applicable law, we conclude that the lower court erroneously dismissed McCluster's petition for failure to exhaust state remedies.[5]

---

3. The State of Florida, in response, offers two "details" which it feels are significant: first, that the transcript of testimony at trial is barren of any objection to, or a motion to suppress, any identification testimony at or before trial; and secondly, that issues of constitutional proportion may be raised at any time in a Rule 1.850 motion, an exception to the general Florida rule that an issue which was, or could have been, assigned as error on appeal cannot constitute grounds for collateral attack. The state's first "detail" is unresponsive to the issues before us, inasmuch as the state is essentially arguing the *merits* of McCluster's petition, not the threshold legal question of whether he should be heard in federal court at all. Nor does this "detail" lead to the conclusion that the state court, on appeal, was unable to consider McCluster's claims.

The second "detail" presented does not reach the issue of whether McCluster is required, under federal law, to pursue a collateral attack remedy simply because it *may* be available to him when the state courts have made it clear, on direct appeal and through habeas corpus proceedings, that they are unreceptive to McCluster's claims.

4. As to the jurisdiction and status of District Courts of Appeal as courts of last resort in Florida, see Fla.Const., Article V, § 4(2), F.S.A. (regarding the jurisdiction of the Florida Supreme Court) and § 5(3) (regarding the jurisdiction of the District Courts of Appeal) (1968); also see, Fla.Stat. § 924.08(1)–(2) (1969), F.S.A. and Fla.App.Rules, Rule 2.1, subd. a(5) (a) and (b), 32 F.S.A. Also see, e. g., Gardner v. Wainwright, 5 Cir. 1970,
433 F.2d 137; Lawyers Title Ins. Corp. v. Little River Bank and Trust Co., 243 So.2d 417 (Fla.1970); and Taylor v. Knight, 234 So.2d 156 (Fla. App.1st 1970).

5. Although unnecessary to our disposition of this case, it appears that Florida law would preclude McCluster from any relief under Florida's collateral attack proceeding. Under Florida law an issue which was, or could have been, assigned as error on direct appeal cannot constitute grounds for collateral attack through post-conviction proceedings. See, Powell v. State, 244 So.2d 746 (Fla.App.1st 1971); Tafero v. State, 242 So.2d 470 (Fla.App.3rd 1971); Bretti v. State, 239 So.2d 527 (Fla.App.3rd 1970); Peterson v. State, 237 So.2d 223 (Fla.App.1st, 1970); and Albright v. State, 239 So.2d 641 (Fla.App.2nd 1970).

Additionally, the principle of *res judicata* is applicable in Florida to points raised by a post-conviction collateral attack motion which were raised in a prior appeal. See, e. g., Suarez v. State, 220 So.2d 442 (Fla.App.3rd, 1969); Whitney v. State, 184 So.2d 207 (Fla.App.3rd 1966). In its most recent pronouncement in this area, the Florida Supreme Court held in Jones v. Wainwright, 252 So.2d 570 (Fla.1971) [decided September 8, 1971], that:

"[t]he basis asserted for the petition is that defendant was not represented by counsel at a preliminary hearing. This issue was presented to the Third District Court of Appeal and was decided adversely to the petitioner. * * * This Court will not reconsider on a petition for writ of habeas corpus those issues already considered and determined by another appellate court. * * * As between the state and

The judgment below is reversed. The court below is directed upon remand to make findings of fact and conclusions of law based upon the state record before it, or, if necessary, a record supplemented by evidentiary hearings before that court.

Reversed and remanded.

this defendant, those issues already disposed of are res judicata in a collateral proceeding such as habeas corpus *or un-* *der Criminal Procedure Rule 1.850."* (citations omitted). (Emphasis added)