Robert **FRAZIER**, Petitioner-Appellant,

v.

Clarence **JONES**, Sheriff, Dallas County, Texas, Respondent-Appellee.

No. 72–2234.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1972.

Robert Frazier, pro se.

Crawford Martin, Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The District Court dismissed Frazier's federal habeas corpus petition for failure to exhaust state remedies, and he has appealed. We affirm.[1]

When he filed his habeas petition appellant's direct criminal appeal was pending in the Texas Court of Criminal Appeals.

The state courts of Texas should be given the first opportunity to rule upon appellant's claim that his state conviction for robbery was obtained in violation of his constitutional rights. If the

issues which the appellant raised in his habeas petition have been presented in the direct appeal, and have now been decided adversely to appellant, he may refile his petition in the court below, McCluster v. Wainwright, 5th Cir. 1972, 453 F.2d 162. But if any of those issues are not adjudicated on direct appeal, he must pursue his remedies under Article 11.07, Texas Code of Criminal Procedure, Vernon's Ann., prior to federal consideration of his habeas petition. Green v. Beto, 5th Cir. 1972, 460 F.2d 322.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.