ON PETITION FOR REHEARING
SPECTOR, Chief Judge.
By its petition for rehearing, ap-pellee has called our attention to Peterson v. State, 237 So.2d 223 (Fla.App.1970), and McGriff v. State, 259 So.2d 508 (Fla.App.1972), and asks that the issues herein be reconsidered in light of the principles adumbrated in those cases. Put simply, the cases stand for the proposition that if an issue could or should have been raised on direct appeal from a judgment of conviction and was not raised, then the same issue cannot serve as the basis for post-conviction relief under Criminal Procedure Rule 3.850, 33 F.S.A.
The identical argument was made by the State in its brief and argument submitted prior to the entry of the decision filed November 2, 1972, which is the subject matter of this petition for rehearing and was rejected on the basis of the due process clause.
Although I concurred in the decision of November 2, 1972, I am now of the view that I was in error in joining in the judgment of reversal. A reconsideration of the cases which consider the question of whether the State’s failure to prove an essential element of the crime charged may be asserted as grounds for relief in a postcon-viction proceeding convinces me that the question must be answered in the negative.
In Armstead v. United States, 318 F.2d 725 (5th Cir.), the court had before it the question with which we are now concerned. At page 726, the court stated:
“Nor may he now collaterally attack the judgment by questioning the sufficiency of the evidence with respect to whether *447 or not the government proved the essential elements charged in the indictment. McCreary v. United States, 5 Cir., 1957, 249 F.2d 433; and Arthur v. United States, 5 Cir., 1956, 230 F.2d 666.”
Inasmuch as the cause now before us is brought under a state rule fashioned after a correlative federal rule, 28 U.S.C.A., Section 2255, it is my view that we should accord the same interpretation to our rule as that given by the federal courts to the federal rule where to do so is not inconsistent with the public policy of the State of Florida. Thus, following the federal court’s construction of Section 2255, it would seem to me that we cannot now entertain the appellant’s contention in a postconviction proceeding. See also this court’s decision in Peterson v. State, 237 So.2d 223.
I would therefore affirm the trial court’s order denying appellant’s motion to vacate his judgment and sentence.
CARROLL, DONALD K, J., concurs.
RAWLS, J., dissents.