238 So.2d 65 (1970)
Eddie FULLER, Petitioner,
v.
L.L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent.
No. 39697.
Supreme Court of Florida.
June 10, 1970.
*66 Eddie Fuller in pro. per.
Earl Faircloth, Atty. Gen., and Michael J. Minerva, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
This is an original proceeding in habeas corpus in which we issued the writ and a return has been filed by the State.
Petitioner was convicted of breaking and entering a dwelling house with intent to commit the felony of rape. He was sentenced to a term of 75 years.
The first point alleged by petitioner is that he was arrested in violation of his constitutional rights. An arrest without warrant is not a proper basis for a post-conviction attack on a judgment and sentence. Lawson v. State, 215 So.2d 790 (Fla.App.2d, 1968); Dozier v. State, 192 So.2d 506 (Fla.App.2d, 1966). However, the transcript of trial proceedings discloses that defendant was taken into custody pursuant to a warrant, even though the arresting officer did not actually inform petitioner that he was under arrest.
Petitioner further says that he was denied the right of effective assistance of counsel and alleges that he was visited only twice by his lawyer prior to trial. This does not in itself establish incompetent representation. Brown v. State, 191 So.2d 612 (Fla.App.3rd, 1966); Conner v. State, 229 So.2d 17 (Fla.App.2d, 1969). Furthermore, his complaint that his court-appointed counsel failed to subpoena witnesses for his defense is without merit. Failure of counsel to call witnesses on behalf of the defense is a matter of personal judgment exercised by defense counsel and is not a ground of collateral attack. Thomas v. State, 190 So.2d 361 (Fla.App.3rd, 1966). See also Whitney v. Cochran, 152 So.2d 727 (Fla. 1963).
Petitioner has failed to allege sufficient facts which, if true, would sustain his position that he was not represented by competent counsel. The transcript of the trial attached to the return reflects the competency of his attorney.
Petitioner next contends that the identification witness (the victim) for the State should not have been allowed to give testimony identifying petitioner because she had been shown a single photograph of him on the day prior to the trial.
Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), discourages such photograph displays, but the Court specifically noted that it was unwilling to prohibit photographs as an identification procedure. The record discloses that the victim had an opportunity to observe the defendant at the time of the commission of the offense so that her in-court identification of the petitioner was based on observations made at the scene of the crime rather than upon any suggestion of identity which may have been implanted by the photograph. See Clemons v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230 (1968); Jackson v. United States, 134 U.S.App.D.C. 18, 412 F.2d 149 (1969).
Petitioner next contends that the State used perjured testimony in obtaining the conviction, but he does not allege that the prosecuting attorney had any knowledge of this allegedly perjured testimony. He does make the general allegation that "the State knowingly used this testimony." Perjury of a witness in a criminal trial does not form the basis of post-conviction relief unless the prosecuting attorney knew at the time such testimony was used that *67 it was untrue. Wade v. State, 193 So.2d 459 (Fla.App.4th, 1967). The allegedly perjured testimony was given by Officer Simpson in regard to fingerprints. Fingerprints of the petitioner were lifted from the windowsill of the victim's house and compared with fingerprints taken from the petitioner after his arrest. This did not violate his constitutional rights. Smith v. United States, 117 U.S.App.D.C. 1, 324 F.2d 879 (1968), cert. den., 377 U.S. 954, 84 S.Ct. 1632, 12 L.Ed.2d 498 (1963).
Petitioner's contention that the State suppressed evidence is without merit because he does not allege that, even if some evidence was suppressed, this was done with the knowledge of the prosecuting attorney. The evidence supposedly suppressed relates to an alleged "chase of the petitioner" at the time the alleged crime took place. This allegation is inconsistent with petitioner's own testimony.
Petitioner's final point is that he was denied the right of appeal. He alleges that he was sentenced on September 6, 1967 and filed a notice of appeal on December 2, 1967, but the trial court did not transmit this notice of appeal to the District Court of Appeal until December 6, 1967 (91 days after sentence). The District Court of Appeal dismissed his appeal because it was untimely filed. The record discloses that defendant signed the notice of appeal on December 2, 1967, but it was not filed with the trial court until December 6, 1967. Petitioner's allegation is refuted by the file mark on the notice of appeal.
Thereafter, petitioner filed a motion under Rule 1.850, Cr.P.R., 33 F.S.A., which was denied on August 28, 1969. He alleges that the notice of appeal thereon was filed with the District Court of Appeal and the District Court of Appeal returned the notice of appeal to petitioner with directions to transmit it to the trial court. By that time, he says, it was again too late to file a timely notice of appeal. The return refutes this allegation by attaching as an exhibit a letter from the District Court of Appeal to the petitioner wherein it was recited that the notice of appeal was received by the District Court of Appeal on October 14, 1969. This was more than 30 days from the date of the denial of the order, August 28, 1969. Returning the notice of appeal to the petitioner did not prejudice his rights, as the time for taking an appeal had expired. Rule 6.2, F.A.R., 32 F.S.A.
Petitioner has failed to allege sufficient facts to justify relief. The writ of habeas corpus is
Discharged.
ERVIN, C.J., and ROBERTS, DREW and BOYD, JJ., concur.