319 So.2d 640 (1975)
Raymond R. STALLINGS, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. Y-111.
District Court of Appeal of Florida, First District.
October 10, 1975.
*641 Raymond R. Stallings, in pro per.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Stallings appeals from an order denying his motion to vacate and set aside the judgment and sentence adjudicating him guilty of second degree murder, and sentencing him to life. The sole issue is whether the trial court erred in its denial of the motion.
In Stallings v. State, 297 So.2d 593 (Fla.App. 1st, 1974), this Court affirmed the trial court's judgment and sentence. Thereafter, under Rule 3.850, Florida Rules of Criminal Procedure, Stallings filed a motion to vacate and set aside which the trial court denied without an evidentiary hearing.
Stallings' motion alleged that (1) the State knowingly adduced perjured testimony which resulted in his conviction; (2) the trial judge interjected himself into the case by examining a witness; (3) the trial court permitted a witness to testify to a statement made by him without first determining that it was freely and voluntarily made; (4) the attorney representing him at the trial was ineffective and incompetent; and (5) the attorney representing him on direct appeal did not raise prejudicial errors for consideration by this Court.
A motion to vacate and set aside judgment and sentence is properly denied when the matters could have been raised on direct appeal. Peterson v. State, 237 So.2d 223 (Fla.App. 1st, 1970). Grounds (2) and (3) of Stallings' motion could have been raised on direct appeal. In addition, the record reflects that the trial court did no more than ask a witness several questions for the purpose of clarifying his previous answers, and that Stallings' statement was freely and voluntarily made.
A motion which alleges that the State knowingly used perjured testimony to obtain a conviction without accompanying facts is insufficient to require an evidentiary hearing under Rule 3.850, Florida Rules of Criminal Procedure. State v. Matera, 266 So.2d 661 (Fla. 1972). For this reason, ground (1) was properly denied because the bare allegation set forth above is not supported by accompanying facts.
*642 Failure to call upon all of the defense witnesses to testify is a matter of personal judgment exercised by defense counsel, and is not a ground for collateral attack. Fuller v. Wainwright, 238 So.2d 65 (Fla. 1970). Likewise, the failure of counsel to object to the introduction of certain evidence, and failure to cross-examine a state witness as vigorously as a defendant desires are matters within the range of judgment and strategy of defense counsel, and are not grounds for collateral attack. For the above reasons, ground (4) was properly denied.
The record in Stallings' direct appeal, supra, demonstrates that the attorney handling the appeal raised those errors which in his judgment were prejudicial, and after an adverse ruling, sought review by the Supreme Court which was dismissed. As this is a judgment matter, it is not a ground for collateral attack. Ground (5) was properly denied.
Affirmed.
BOYER, C.J., and McCORD, J., concur.