350 So.2d 839 (1977)
Ronald Charles USSERY, Appellant,
v.
STATE of Florida, Appellee.
No. EE-172.
District Court of Appeal of Florida, First District.
October 20, 1977.
Michael J. Minerva, Public Defender, and Theodore E. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
MELVIN, Judge.
Appellant-defendant appeals from a judgment of guilty for the crimes of possession of devices for unlawful use of a controlled substance and unlawful possession of a controlled substance. The judgment is based on a jury verdict, no error is claimed, and the same is affirmed. The trial court imposed two consecutive sentences to imprisonment at "hard labor" with no credit for jail time served.
While there is no longer any provision for a sentence "at hard labor", such omission is not a proper basis for any assumption that those in charge of the penitentiary system cannot include hard labor as a proper part of a correctional program. McDonald v. State, 321 So.2d 453 (Fla.4th DCA 1975). Such provision in a sentence is technical surplusage and may be, and is hereby, stricken as such. However, we must reverse the sentence imposed as to Count I with directions that appellant be sentenced in compliance with Section 921.161, Florida Statutes, relating to credit for jail time served on these charges. Thus, when the first sentence has been amended, appellant will have received all the time credit benefit to which he is entitled. He is not entitled to double credit which would be the result if such time credit was allowed as to the consecutive sentence imposed as to Count II. It will not be necessary for appellant to be present before the trial court for the entry of the corrective sentence.
Affirmed in part and reversed in part.
MILLS, Acting C.J., and SMITH, J., concur.