350 So.2d 839 (1977)
Clifford ASHLEY, Appellant,
v.
STATE of Florida, Appellee.
No. FF-364.
District Court of Appeal of Florida, First District.
October 20, 1977.
*840 Clifford Ashley, in pro per.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
MELVIN, Judge.
Appellant-defendant appeals from an order entered by the trial court denying his motion to vacate pursuant to Florida Rule of Criminal Procedure 3.850. He now complains that his trial counsel was ineffective, that he was denied right to due process, that the information was defective, and that the prosecuting attorney's argument was prejudicial.
Appellant had his direct appeal to this court. Ashley v. State, 341 So.2d 294 (Fla.1st DCA 1976). The record does not demonstrate ineffective trial counsel. At most, the record reflects only a difference in judgment as to proper trial tactics. Fuller v. Wainwright, 238 So.2d 65 (Fla. 1970). As to all remaining points, the matters presented to the trial court via Rule 3.850 and now this court could have been raised for consideration in the direct appeal, but appellant did not do so. Appellant may not be permitted to re-hash such matters now. Stallings v. State, 319 So.2d 640 (Fla.1st DCA 1975), and Arline v. State, 303 So.2d 37 (Fla.1st DCA 1974).
Florida Rule of Criminal Procedure 3.850 was not designed or intended to serve as a second appeal vehicle upon which to bring before the trial and appellate courts unfounded charges as to the operation of the judicial process, as has occurred in this and many other cases with which our courts have been burdened. Such attempted abortive use is an ill-graced attempt to pollute the streams of justice. When lead-footed justice has come to the end of its long trail, society has a direct interest that these type unfounded extractions of time-consuming judicial labors shall come to an end.
The judgment appealed is AFFIRMED.
MILLS, Acting C.J., and SMITH, J., concur.