381 So.2d 760 (1980)
Lorenzo MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 79-440.
District Court of Appeal of Florida, Fifth District.
April 2, 1980.
Lorenzo Mitchell, in pro. per.
No appearance for appellee.
ORFINGER, Judge.
Mitchell appeals an order of the trial court summarily denying relief under Rule 3.850, Florida Rules of Criminal Procedure.
The record reflects that appellant pleaded nolo contendere to one count of burglary of a dwelling and one count of involuntary sexual battery. Appellant contends that he was a juvenile and a first-time felony offender and that under Rule 3.710, Florida Rules of Criminal Procedure, the trial court could not sentence him without first receiving and considering a pre-sentence investigation report. There is no contention that the sentence is otherwise not authorized by law.
*761 It has repeatedly been held that relief under Rule 3.850 is not available as to any matters which could have been raised by direct appeal. Peterson v. State, 237 So.2d 223 (Fla. 1st DCA 1970); Stallings v. State, 319 So.2d 640 (Fla. 1st DCA 1975); Falagan v. State, 267 So.2d 109 (Fla. 2d DCA 1972); Burau v. State, 353 So.2d 1183 (Fla.3d DCA 1977).
The trial court's failure to receive or consider a pre-sentence investigation report prior to sentencing where such report is required under Rule 3.710 is appealable and constitutes reversible error. Harden v. State, 290 So.2d 551 (Fla. 1st DCA 1974); Ussery v. State, 350 So.2d 839 (Fla. 1st DCA 1977); DeOca v. State, 326 So.2d 453 (Fla. 4th DCA 1976). The receipt and consideration of the pre-sentence report can be waived. Rinaldi v. State, 343 So.2d 94 (Fla. 3d DCA 1977). Under the circumstances shown here, there is no error of constitutional magnitude such as was found in Hicks v. State, 336 So.2d 1244 (Fla. 4th DCA 1976).
Since the trial court's alleged failure to receive and consider a pre-sentence investigation report could have been the subject of a direct appeal, appellant is not entitled to now attack the sentence under Rule 3.850. The lower court was correct in summarily denying the motion, so the order appealed from is
AFFIRMED.
COBB and UPCHURCH, JJ., concur.