388 So.2d 1324 (1980)
Johnnie Lee DISMUKE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-631.
District Court of Appeal of Florida, Fifth District.
October 8, 1980.
*1325 Johnnie Lee Dismuke, pro se.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant appeals the summary denial of a pro se motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. Appellant's conviction was previously affirmed by this court without opinion. Dismuke v. State, 380 So.2d 603 (Fla. 5th DCA 1980).
Appellant states eight grounds upon which he relies for relief. Seven of these grounds assert alleged trial errors, all of which were either raised or could have been raised on direct appeal. It is the law of this state that relief under Rule 3.850 is not available as to any matters which were raised on direct appeal or which could have been raised on direct appeal. Mitchell v. State, 381 So.2d 760 (Fla. 5th DCA 1980); Merrill v. State, 364 So.2d 42 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 470 (1979); Burau v. State, 353 So.2d 1183 (Fla. 3d DCA 1977). Attached to the order entered below is a copy of the statement of judicial acts to be reviewed, filed in the original appeal, which asserts twenty seven acts of the trial court alleged to be erroneous, and the seven grounds referred to above are included therein.
The eighth ground of the motion alleges that defendant was denied effective assistance of counsel. The factual statement supporting this ground asserts that defendant requested new counsel because his public defender would not take depositions, would not file a motion to dismiss the charges and would not file a motion that the trial judge recuse himself. In denying relief on this ground, the trial court said:
Finally, in regard to this alleged charge of ineffective counsel, because of counsel's failure to take depositions, the record on appeal, at pages 377 through 393, reveals that defense counsel interviewed witnesses and was an experienced public defender. The fact that defense counsel chose to interview witnesses as opposed to taking formal depositions was a matter of trial strategy and in no way constitutes ineffective counsel. The other matters set forth in ground three are insufficient. Based upon the record in this matter, failure of defense counsel to file any motion to dismiss and any motion to recuse the trial judge under Florida Rules of Criminal Procedure 3.320 does not constitute ineffective counsel. See Adams v. State, infra, 380 So.2d 423 at pages 423-425 (Fla. 1980).
Attached to the order below is the transcript of the hearing before the original trial judge upon the public defender's motion for leave to withdraw as counsel for appellant. Appellant asserted then, as he *1326 does now, that he wanted another assistant public defender appointed because he was not happy with the way the appointed trial counsel was handling the case. His reasons were the same then as now. The trial judge found that his counsel was the chief trial counsel in the public defender's office, was competent and experienced, that he had interviewed the witnesses and preferred that method of interrogation to the taking of depositions and that he would not file the motions requested by defendant because they had no merit. The trial judge denied the motion to withdraw.
The denial of the motion to withdraw was an issue which could have been (and actually was) raised on the direct appeal and therefore cannot be considered under Rule 3.850. The record otherwise fails to show any other factual basis upon which the claim of ineffective assistance of counsel is predicated and thus did not require an additional evidentiary hearing. When ineffective assistance of counsel is asserted, the burden is on the person seeking collateral relief to specifically allege and establish the grounds for relief and to establish whether these grounds resulted in prejudice to that person. Meeks v. State, 382 So.2d 673 (Fla. 1980); Foxworth v. State, 267 So.2d 647 (Fla. 1972), cert. den., 411 U.S. 987, 93 S.Ct. 2276, 36 L.Ed.2d 965 (1973). No such showing is made here.
For the reasons expressed, the order appealed from is
AFFIRMED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.