McCORD, Judge.
This appeal is from an order denying appellant’s motion for post-conviction relief *935 pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Alternatively, appellant requests that we treat this appeal as a petition for writ of habeas corpus and grant full appellate review of his conviction pursuant to Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967), cert. denied, 391 U.S. 968, 88 S.Ct. 2040, 20 L.Ed.2d 882. We affirm and deny habeas corpus relief.
Appellant was convicted in 1977 of extortion. After final judgment, appellant retained a new attorney, and that attorney filed a motion for new trial and motion in arrest of judgment. Ultimately, appellant filed a notice of appeal after the trial court denied his motions. Because it was determined that the 30-day appeal period had lapsed, this Court dismissed Pittman’s appeal, stating in part:
The state’s motion to dismiss Pittman’s appeal as untimely raises the question of whether the beginning of the 30-day appeal period in this criminal case was postponed by the filing of a motion in arrest of judgment within 15 days after the adjudication of guilt but 65 days after rendition of the jury verdict. The trial court entertained the motion in arrest of judgment but denied it on the merits; hence Pittman’s appeal. We hold that Fla.R.Crim.P. 3.590 requires the filing of any motion in arrest of judgment within four days after the verdict in a jury trial, or by leave of the court within 15 days after the verdict; that the trial court is without power to entertain a Rule 3.590 motion in arrest of judgment thereafter; that absent a timely motion in this case, the appeal time began upon rendition of the judgment and sentence; and that this appeal must be dismissed.
Pittman v. State, 370 So.2d 1207 at 1207 (Fla. 1st DCA 1979), cert. dismissed, 375 So.2d 911 (Fla.1979).
Appellant has now retained another attorney and filed this motion for post-conviction relief, contending that he had been prosecuted on an improperly amended information; that the prosecutor had made improper comments at trial, thereby denying him a fair trial; that his due process rights have been impaired due to a conflict of interest involving the state attorney; and that the trial court erred in denying a post-trial motion; that the statute, which he was accused of violating, was unconstitutional. The trial court, in denying the motion for post-conviction relief, found that each of the alleged errors was or should have been apparent to appellant at trial. Since these errors could have been raised on direct appeal, relief pursuant to Rule 3.850, Florida Rules, of Criminal Procedure, is not available. Merrill v. State, 364 So.2d 42 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 470 (Fla.1979); Dismuke v. State, 388 So.2d 1324 (Fla. 5th DCA 1980). Upon our review of the record, we find no error in the trial court’s denial of the motion.
In support of appellant’s alternative prayer that we treat this appeal as a petition for writ of habeas corpus, pursuant to Hollingshead v. Wainwright, and grant full appellate review, he contends that his appeal was frustrated by state action. Pittman argues that the trial judge should have immediately dismissed his motions for new trial and arrest of judgment as untimely filed. Instead, the trial judge told his attorney to submit briefs and notify the state of the motions. As appellant points out, this was a statement made by the judge in the hallway of the courthouse when his attorney saw the judge, introduced himself, advised the judge that he would be representing appellant, and told the judge that he had filed the motions.
The standards for granting a delayed full appellate review by writ of habe-as corpus, as noted in Hollingshead, supra, are set out in Baggett v. Wainwright, 229 So.2d 239 at 241 (Fla.1969), writ discharged, 235 So.2d 486 (Fla.1970). Baggett requires that the criminal defendant must in some way make known his desire to appeal. This generates a duty on the part of the state to accord the defendant the necessary incidents of an appeal. Once the duty is generated, the direct appeal must be frustrated by “state action,” which has been defined as the failure on the part of “a responsible state official in the state’s system of justice *936 to take proper steps toward affording the necessary incidents of an appeal.” Baggett, supra, at 242.
Appellant’s failure to file a notice of appeal within the jurisdictional time limit is not chargeable to the trial judge. Appellant was free to file a notice of appeal during that time limit. He was not required to await a ruling of the trial judge on his untimely filed motions. The actions taken by appellant immediately following the entry of his judgment and sentencing do not indicate a desire to appeal his conviction. There was no state action on the part of the trial judge that frustrated a direct appeal by appellant. The test for state action, as announced in Baggett v. Wainwright, was not met.
The trial court’s order denying post-conviction relief is affirmed, and the petition for writ of habeas corpus seeking a delayed full appellate review is denied.
ROBERT P. SMITH, C. J., and ERVIN, J., concur.