422 So.2d 338 (1982)
Calvin MORRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2414.
District Court of Appeal of Florida, Third District.
November 9, 1982.
Rehearing Denied December 15, 1982.
*339 Bennett H. Brummer, Public Defender, and Robin H. Greene, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT, and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
This is an appeal from the summary denial of Morris' third motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Summary denials of the two previous Rule 3.850 motions were affirmed here. Morris v. State, 392 So.2d 1366 (Fla. 3d DCA 1981); Morris v. State, 348 So.2d 969 (Fla. 3d DCA), cert. denied, 354 So.2d 983 (Fla. 1977). Morris' direct appeal also resulted in an affirmance. Morris v. State, 322 So.2d 489 (Fla. 3d DCA 1975).
*340 Morris and a co-defendant, Swan, were convicted of first degree murder for the beating death of one Honey Reh. Ms. Reh was already suffering from numerous medical disabilities at the time of the beating administered by Morris and Swan. She died seven days later on June 6, 1973.
At trial, defense counsel attempted to demonstrate that Ms. Reh's maladies, and not the battery, were the cause of death. The first contention in Morris' most recent Rule 3.850 motion is that trial counsel was ineffective for failure to procure a court-appointed expert witness to aid in the preparation and presentation of this defense. We cannot agree for the following reason.
Upon Swan's direct appeal, the supreme court held that it was proper for the jury to reach a guilty verdict if it could reasonably be concluded that the wounds inflicted by Morris and Swan materially contributed to Ms. Reh's death, notwithstanding that she might have withstood the beating had she been free of the pre-existing physical infirmities. Swan v. State, 322 So.2d 485, 487 (Fla. 1975). In light of this holding, Morris' general allegations concerning the need for an expert's assistance and testimony are far too broad, under the standards set forth in Knight v. State, 394 So.2d 997 (Fla. 1981), to have necessitated an evidentiary hearing before the trial court.
Morris next asserts that his conviction should be vacated because his parents did not receive notice prior to trial pursuant to Section 925.07, Florida Statutes (1973). This point was raised in both of Morris' previous Rule 3.850 motions and disposed of in the trial court and here. We need not consider it again.
Morris has presented a third ground, which amounts to a claim of insufficiency of the evidence; and a fourth contention alleges improper prosecutorial comment. Neither insufficiency of the evidence, Spencer v. State, 389 So.2d 652 (Fla. 1st DCA 1980); Glenn v. State, 271 So.2d 23 (Fla. 2d DCA 1972), nor prosecutorial comment, Adams v. State, 380 So.2d 423 (Fla. 1980); State v. Pittman, 401 So.2d 934 (Fla. 1st DCA 1981), pet. for review denied, 412 So.2d 469 (Fla. 1982); Ashley v. State, 350 So.2d 839 (Fla. 1st DCA 1977), are appropriately raised by way of Rule 3.850 collateral attack when a direct appeal has been taken.
Finally, Morris argues that the record does not affirmatively demonstrate that he or his counsel were present, or that Morris' presence was waived, when the court responded to certain requests from the jury during its deliberations. Ivory v. State, 351 So.2d 26 (Fla. 1977), a case decided nearly two years after Morris' trial and direct appeal were concluded, now dictates that such an occurrence would constitute per se prejudice requiring the reversal of a conviction. However, at the time of Morris' trial, the rule in this district was that in order to obtain a reversal, it was incumbent upon the defendant to demonstrate prejudice arising from the trial judge's response to a jury request. See Ivory v. State, 330 So.2d 853 (Fla. 3d DCA 1976), rev'd, 351 So.2d 26 (Fla. 1977). Morris does not allege that any prejudice resulted in his case. Thus, the question becomes: Should the change of decisional law wrought by our supreme court in Ivory be applied retroactively to vacate Morris' conviction under Rule 3.850?[1] Utilizing the test advanced in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), we answer this question in the negative and hold that the Ivory decision did not result in a constitutional change of such fundamental significance as to justify its retroactive application.
The trial court's summary denial of the motion to vacate was proper.
Affirmed.
NOTES
[1] It is clearly recognized that a change in the law is a ground appropriately raised by way of a motion to vacate pursuant to Rule 3.850. See Williams v. State, 421 So.2d 512 (Fla. 1982); Antone v. State, 410 So.2d 157 (Fla. 1982); Alvord v. State, 396 So.2d 184 (Fla. 1981); Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).