PER CURIAM.
Timothy Upshaw appeals the summary denial of his motion for postconviction relief. We find that one of the several claims raised in the motion presents a prima facie showing of entitlement to relief, and so reverse for further proceedings regarding that one claim.
Upshaw, who pled guilty to two counts of first degree murder in exchange for life sentences, now maintains that his trial attorney provided ineffective assistance. Specifically, he alleges that counsel failed to move the suppression of Upshaw’s confession to the two crimes, although counsel knew or should have known that the confession had been coerced. Among other things, Upshaw contends that the confession was the product of a custodial interrogation undertaken without Miranda warnings,* and that the police promised Upshaw would get “help.” If there is any truth to this, it could constitute ineffective assistance. Cintron v. State, 495 So.2d 248 (Fla. 2d DCA 1986). The trial court’s order and supporting documentation, while adequately refuting all the other claims made in Upshaw’s motion, do not address this point.
After remand the trial court should reexamine the files and records in this case to determine whether anything therein can demonstrate that Upshaw’s claim is without merit. Failing that, an evidentiary hearing may be necessary to resolve this issue. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal in order to obtain further review by this court.
REVERSED.
RYDER, A.C.J., and DANAHY and HALL, JJ., concur.

 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).