640 So.2d 1173 (1994)
Jeffery JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02226.
District Court of Appeal of Florida, Second District.
July 20, 1994.
*1174 LAZZARA, Judge.
Jeffery Jackson appeals the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We conclude that only one of his three claims presents a prima facie showing of entitlement to relief. Accordingly, we reverse and remand for further proceedings as to that one claim.
Jackson was tried and convicted of one count of sexual battery under section 794.011(3), Florida Statutes (1989). He was sentenced to an extended term of imprisonment as a habitual violent felony offender. We per curiam affirmed on direct appeal. Jackson v. State, 594 So.2d 742 (Fla. 2d DCA 1992).
In his motion, Jackson alleges as the basis for two of his claims that the evidence was insufficient to sustain his conviction and that his trial counsel was ineffective by not requesting an instruction on intent. We conclude that the trial court was correct in summarily denying these claims.
First, it is well-settled that insufficiency of the evidence cannot be raised under rule 3.850, especially when a direct appeal has been taken. E.g., Morris v. State, 422 So.2d 338 (Fla. 3d DCA 1982). Second, even if we accept as true that trial counsel did not request an intent instruction, this claim fails as a matter of law because "[s]tate of mind is not a material fact in a sexual battery charge, nor is intent an issue." Coler v. State, 418 So.2d 238, 239 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983).
Jackson also asserts that trial counsel was ineffective by failing to file a motion to suppress a confession used against him at trial. Specifically, he alleges that the confession was the product of coercion and that trial counsel either knew or should have known of this fact. If true, this could constitute ineffective assistance. Upshaw v. State, 536 So.2d 378 (Fla. 2d DCA 1988). The trial court, however, did not attach any supporting documentation from the record conclusively refuting this allegation. It only affixed the state's response that also did not have any attachments from the record disproving this claim. Thus, we must reverse and remand on this point. Id.
On remand, the trial court should re-examine the files and records in this case to determine whether there is anything to show that this claim is without merit. If it again summarily denies the motion, it must attach to its order those parts of the record that refute the claim. If no such exhibits exist, an evidentiary hearing will be necessary. Mancera v. State, 600 So.2d 550 (Fla. 2d DCA 1992). Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal in order to obtain further review by this court.
DANAHY, A.C.J., and PARKER, J., concur.