765 So.2d 962 (2000)
Darrell Levon HARRELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1131.
District Court of Appeal of Florida, Third District.
September 6, 2000.
Bennett H. Brummer, Public Defender, and David M. Edelstein and Andrew Stanton, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before JORGENSON, COPE, and RAMIREZ, JJ.
PER CURIAM.
Defendant appeals from a judgment of conviction for burglary. For the reasons that follow, we reverse.
Witnesses observed defendant reach into a Metro Bus that was boarding passengers. He had extended his arm *963 through the driver's side window into the area where the bus driver sits, and had taken a packet of Metrorail passes. He was caught by police, who recovered the passes. He was tried and found guilty of burglary and theft.
We must reverse the burglary conviction on the authority of Miller v. State, 733 So.2d 955 (Fla.1998). In Miller, the Florida Supreme Court held that when determining whether a burglary occurred, "the only relevant question is whether the premises were open to the public at the time the defendant entered or remained with the intent to commit an offense therein." Id. at 957. Moreover, the court also explicitly held that an area behind a store counter is likewise open to the public if the store itself is open to the public. See State v. Laster, 735 So.2d 481 (Fla.1999); State v. Butler, 735 So.2d 481 (Fla.1999).
There is no dispute in this case that the Metro Bus was open to the public; in fact, passengers were in the process of boarding. The State failed to elicit any evidence whatsoever that the bus driver's area was closed off to the public. There is no legal or conceptual difference between a store counter in an area open to the public, and a bus driver's seating area in a conveyance that is open to the public. Had the State adduced any evidence that the driver is somehow insulated or physically separated in a compartment or section forbidden to the public, the conviction would stand. Under Miller, however, the conviction must be reversed.
REVERSED.