COPE, J.
This is an appeal of an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We are in agreement with the denial order on most of the issues, but must remand for further proceedings on two claims.
Defendant-appellant Johnson was convicted of armed robbery, burglary and attempted first-degree murder. He was sentenced to life imprisonment. We affirmed his convictions in Johnson v. State, 917 So.2d 226 (Fla. 3d DCA 2005).[1]
*414 In Claim Two of the Rule 3.850 motion, the defendant contends that his counsel was ineffective for failing to object to a statement in the presentence investigation report. The defendant says the report contained inaccurate information that he had committed homicides in 1979 and 1984. He asserts that this information caused the sentencing judge to give him a higher sentence than he would otherwise have received.
The trial court denied this claim on the theory that it should have been raised on direct appeal. That is incorrect. The Florida Supreme Court has clarified the applicable principles in Bruno v. State, 807 So.2d 55 (Fla.2001):
The trial court concluded that this claim [of ineffective assistance of trial counsel] was barred because it either was, or could have been, raised on direct appeal. This was error. Whereas the main question on direct appeal is whether the trial court erred, the main question in a Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),] claim is whether trial counsel was ineffective. Both claims may arise from the same underlying facts, but the claims themselves are distinct and — of necessity — have different remedies: A claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion, and a claim of ineffectiveness generally can be raised in a rule 3.850 motion but not on direct appeal. A defendant thus has little choice: As a rule, he or she can only raise an ineffectiveness claim via a rule 3.850 motion, even if the same underlying facts also supported, or could have supported, a claim of error on direct appeal. Thus, the trial court erred in concluding that Bruno’s claim was procedurally barred.
Id. at 63 (emphasis added; footnotes omitted). “[U]nless a direct appeal is affirmed with a written opinion that expressly addresses the issue of ineffective assistance of counsel, an affirmance on direct appeal should rarely, if ever, be treated as a procedural bar to a claim for ineffective assistance of counsel on a postconviction motion.” Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA2002).
In the present case, as in Bruno, it was error to deny the claim on the basis of procedural bar. As the postconviction record now before us does not conclusively refute this claim, we reverse as to Claim Two and remand for further consideration. See Fla. R.App. P. 9.141(b)(2)(D).
The State makes an alternative argument saying in substance that the claim is insufficiently pled. In its brief, the State maintains that the defendant does not allege that he told counsel there was anything wrong with the PSI. That argument was not made in the trial court and we decline to entertain it here. The State is free to raise the argument on remand but, under the case law, the defendant must be given leave to amend. See Spera v. State, 971 So.2d 754 (Fla.2007).
In Claim Sixteen, the defendant maintains that his trial counsel was ineffective for failing to move for dismissal of the burglary charge. He argues that his conviction for burglary must be vacated because the premises he robbed were open to the public at the time he entered. The defendant entered a Discount Auto Parts store, held up the store clerk, and fled. Johnson, 917 So.2d at 227.
The Florida Supreme Court has held that in a burglary case, “if a defendant can establish that the premises were open to the public, then this is a complete defense.” Miller v. State, 733 So.2d 955, 957 (Fla.1998) (emphasis in original); see *415 Harrell v. State, 765 So.2d 962, 963 (Fla. 3d DCA 2000). This rule is subject to the qualification that if in committing the crime, the defendant entered a portion of the premises which was not open to the public (which can include the area behind the counter), then a burglary has been committed. Johnson v. State, 786 So.2d 1162, 1163 (Fla.2001). In this case, the defendant maintains that he entered a business open to the public. The trial court denied the claim saying that the facts are legally sufficient to support the charge. However, neither the State in its response nor the trial court in its order appended any attachments addressing the “open to the public” claim.
The trial court’s order contained an alternative ground, saying that a challenge to the sufficiency of the evidence cannot be raised by a Rule 3.850 motion after there has been a previous appeal. The trial court cited Jackson v. State, 640 So.2d 1173 (Fla. 2d DCA 1994), and Morris v. State, 422 So.2d 338 (Fla. 3d DCA 1982). While those cases are sparse on facts, neither case involved a claim of ineffective assistance of trial counsel for failing to make a motion for judgment of acquittal on an issue which (defendant alleges) would have afforded a complete defense to the charge.
The present claim is that trial counsel was ineffective within the meaning of Strickland v. Washington, for failing to file a sworn motion to dismiss, or move for judgment of acquittal, on the ground that the defendant could not, as a matter of law, be guilty of burglary. That is a proper Strickland claim. See Bruno, 807 So.2d at 63.
In its brief filed in this court, the State makes the argument that a conviction not supported by the evidence constitutes fundamental error and may be raised on direct appeal. See F.B. v. State, 852 So.2d 226 (Fla.2003). The State contends that the defendant could have, and should have, raised the issue on direct appeal.
We rejected that exact argument in Cueto v. State, 937 So.2d 144, 145-46 (Fla. 3d DCA 2006), review denied, 952 So.2d 1189, 952 So.2d 1191 (Fla.2007). As already stated, the Bruno decision holds that “[a]s a rule, he or she can only raise an ineffectiveness claim via a rule 3.850 motion, even if the same underlying facts also supported, or could have supported, a claim of error on direct appeal.” 807 So.2d at 64. “A defendant’s claim that his counsel offered ineffective assistance at trial, for whatever reason, must be analyzed under the standard the Supreme Court enunciated in Strickland.” Carratelli v. State, 961 So.2d 312, 320 (Fla.2007); accord Thompson v. State, 990 So.2d 482, 488 (Fla.2008).
For the stated reasons, we reverse the order now before us on Claims Two and Sixteen, and remand for further proceedings. We affirm as to the remaining claims.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. The crime date was December 28, 2000. Id. at 228 (Ramirez, J., dissenting).