PER CURIAM.
This is an appeal of an order summarily denying a motion for postconviction relief under Florida Rule of Criminal Procedure 8.850. We affirm.
Barry N. Johnson was convicted of armed robbery, burglary with an assault, and attempted first-degree murder with a firearm. His convictions were affirmed on direct appeal. Johnson v. State, 917 So.2d 226 (Fla. 3d DCA 2005).
He filed a timely motion for postconviction relief. On appeal from a summary denial, this court affirmed in part and reversed in part. Johnson v. State, 3 So.3d 412 (Fla. 3d DCA 2009). On remand there was a denial of relief, and this court affirmed. Johnson v. State, 13 So.3d 1065 (Fla. 3d DCA 2009) (table).
Defendant-appellant Johnson filed his current rule 3.850 motion on January 25, 2010 (mailbox rule). We agree with the trial court that all of the claims are time-barred except for the claim of newly discovered evidence.*
The defendant has produced a recantation affidavit executed by Markeisha Jackson, who was a trial witness. Her affidavit states that she and her mother were threatened with jail time if she did not testify, and that her testimony (about as *629 sisting the defendant in going to the hospital) was untruthful.
We have taken judicial notice of the briefs on the defendant’s direct appeal, No. 3D02-982. We agree with the trial court that in view of the other evidence against the defendant, the newly discovered evidence is not of such a nature that it would probably produce an acquittal on retrial. Jones v. State, 591 So.2d 911, 915 (Fla.1991).
Affirmed.

 The trial court’s order incorrectly stated that the judgment and sentence became final on October 16, 2001. Under the circumstances present here, the defendant’s judgment and sentence became final upon the issuance of the mandate in the direct appeal. The mandate was issued on December 27, 2005. As the Rule 3.850 motion was filed over two years after December 27, 2005, the claims are time-barred except for the claim of newly discovered evidence.
The trial court's order inadvertently states that all of the claims are time-barred and successive. However, later in the same order the trial court stated, "The only ground raised by the defendant that can be reviewed is his claim of newly discovered evidence, contained in his third ground for relief.” The court went on to deny that claim on the merits. It is clear, therefore, that the trial court did not deny the third ground as being either untimely or successive.