COPE, J.
(concurring).
I concur in part on the merits and in part on a right-for-wrong-reason basis.
This is an appeal of a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 filed by defendant-appellant Eloy Lara Garcia. The trial court conducted an evidentiary hearing. This was for the purpose of considering Ground 2C, which alleged that defense counsel had failed to call a specifically identified defense witness, and Ground 5, which alleged that trial counsel affirmatively misadvised the defendant that if he testified, the exact nature of his prior convictions would be put before the jury. The trial court heard testimony from defense counsel, the defendant, and the proposed witness. The trial court denied the motion and that ruling is fully supported by the record. I concur in affirming on those claims.
In the trial court, the State filed a response which argued that numerous of the defendant’s claims were procedurally barred. The trial court accepted the State’s reasoning. The order now before us summarily denied relief on claims 1, 2A, 2B, 2D, 3A, 3B, 3D, 4, 6, 7, and 8.
Unfortunately the State’s argument was wrong. The State apparently believed that since the defendant appealed his judgment and sentence, it followed that the defendant could raise on appeal any claim he wished — whether there had been an objection in the trial court or not. That is incorrect.
On appeal from a judgment and sentence, a defendant can only raise two types of claim of error: (1) a claim of error which was properly preserved in the trial court, usually by stating an objection, see § 924.051, Fla. Stat. (2007), or (2) a fundamental error. Id. The defendant’s rule 3.850 motion argues that his trial counsel *906 had been ineffective by failing to make certain specific objections, including an objection to certain evidence, an objection to the State’s closing argument, and an objection to the jury instructions. Since there had been no objection at trial, and since none of the complained-of errors were fundamental, there was no way for this defendant to raise those issues on direct appeal. The applicable principles have been explained in cases such as Bruno v. State, 807 So.2d 55, 63 (Fla.2001); Johnson v. State, 3 So.3d 412, 414-15 (Fla. 3d DCA 2009).
I concur in affirming the order now before us, however. Although the evidentia-ry hearing was scheduled for only two issues, the testimony and argument adequately covered all of the defendant’s claims. The postconviction motion was correctly denied.