353 So.2d 1183 (1977)
Rene Eugene BURAU, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1256.
District Court of Appeal of Florida, Third District.
November 15, 1977.
Rehearing Denied February 1, 1978.
*1184 Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Margarita G. Esquiroz and Ronald A. Dion, Asst. Attys. Gen., Miami, and Lonworth Butler, Jr., Legal Intern, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Defendant, Rene Eugene Burau, seeks reversal of an order denying, without an evidentiary hearing, his motion to vacate judgment and sentence of five years in the state penitentiary on the ground that the trial judge had been unduly influenced by extensive prejudicial press publicity and, thus, imposed the sentence upon wrongfully considered criteria.
Defendant was tried non-jury and found guilty of aggravated assault. A pre-sentence investigation was ordered. At the conclusion of the sentencing hearing on July 8, 1975, at which several members of the news media were present at the request of the victim's father, the judge indicated that he would withhold adjudication and defer sentencing for six months. Defendant was ordered to receive psychiatric treatment in the interim. Thereafter a barrage of adverse publicity ensued and the prosecution filed a motion to accelerate the date of sentencing. On July 14, 1975 another sentencing hearing was held and the judge sentenced defendant to five years. Subsequently defendant filed a motion to mitigate his sentence and on October 28 the motion was denied. On May 14, 1976 defendant filed a motion to vacate sentence and adjudication pursuant to Fla.R.Crim.P. 3.850 on the ground that the trial judge was improperly influenced by the adverse publicity when he sentenced defendant to five *1185 years imprisonment. Defendant also requested an evidentiary hearing. The motion to vacate was summarily denied. We affirm.
The motion to vacate in the case at bar is fatally defective because the ground alleged therein was (1) known to the defendant at the time of sentencing, and (2) properly presentable on a direct appeal which defendant could have taken.
The established rule is that a motion to vacate judgment and sentence may not be used as a substitute for an appeal and matters properly presented on appeal may not be asserted as grounds for a motion to vacate. See Swindle v. State, 202 So.2d 132 (Fla. 3d DCA 1967); Suarez v. State, 220 So.2d 442 (Fla. 3d DCA 1969); Clements v. State, 320 So.2d 44 (Fla. 3d DCA 1975). Further, if the matter forming the basis of a motion to vacate was known to the defendant at the time of trial, it will not support a collateral attack on the judgment of conviction. State v. Matera, 266 So.2d 661 (Fla. 1972).
We also note that defendant has presented an incomplete record[1] omitting matters necessary for this court's determination of the alleged prejudicial error and, therefore, having failed to present a record showing a basis for reversal, is not entitled to such reversal. See Farrington v. State, 207 So.2d 513 (Fla. 3d DCA 1968); Costantino v. State, 224 So.2d 341 (Fla. 3d DCA 1969).
Affirmed.

ON PETITION FOR REHEARING
PER CURIAM.
On petition for rehearing appellant has brought to our attention that the record on appeal was supplemented with the transcripts of the hearings on July 8 and 14, 1975. After a review of these transcripts we still adhere to our conclusion that defendant has failed to make reversible error appear.
The petition for rehearing is denied.
NOTES
[1] For example, the transcripts of the hearings of July 8 and 14, 1975 have been omitted.