388 So.2d 1323 (1980)
John Henry BATTLE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-493.
District Court of Appeal of Florida, Fifth District.
October 8, 1980.
John Henry Battle, pro se.
No appearance for appellee.
FRANK D. UPCHURCH, Judge.
Appellant, while an inmate at Polk Correctional Institute, filed pro se a notice of *1324 appeal to review an order summarily denying relief under Rule 3.850, Florida Rules of Criminal Procedure. Although the notice was filed one day late, this court granted appellant the right to take a belated appeal. See Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967), cert. denied, 391 U.S. 968, 88 S.Ct. 2040, 20 L.Ed.2d 882 (1968).
Appellant contends his fourteenth amendment right to due process was violated when an impermissibly suggestive photo pack was exhibited to witnesses prior to the line-up. A motion to vacate a judgment and sentence is defective where the ground alleged was known to the defendant at the time of sentencing and was properly presentable on a direct appeal which defendant did or could have taken. Johnson v. State, 364 So.2d 118 (Fla. 1st DCA 1978); Burau v. State, 353 So.2d 1183 (Fla. 3d DCA 1977). If the matter forming the basis of the motion to vacate was known to the defendant at the time of trial, it will not support a collateral attack on the judgment of conviction since such a motion may not be used as a substitute for appeal. Burau at 1185.
Appellant contends this ground was not preserved for direct appeal because of the alleged incompetency of his privately retained counsel. It has recently been held by the United States Supreme Court that when an issue of ineffective assistance of counsel is raised, there must be no distinction between state-provided and privately retained counsel. Cuyler v. Sullivan, ___ U.S. ___, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). In Spencer v. State, 389 So.2d 652 (Fla. 1st DCA 1980), the First District Court of Appeal applied this rule of constitutional law although it found that the allegations in appellant's Rule 3.850 motion concerning the ineffectiveness of his retained counsel were so vague and conclusory as to obviate the need for an evidentiary hearing on the issue.
Such vagueness does not exist in the present case and since denial of effective assistance of counsel is an issue appropriate for collateral relief, Gunn v. State, 378 So.2d 105 (Fla. 5th DCA 1980), this matter must be remanded to the trial court with instructions (a) to attach that portion of the record which refutes the allegations, or (b) to conduct an evidentiary hearing. Meeks v. State, 382 So.2d 673 (Fla. 1980); Gunn v. State.
The order denying relief is quashed and this cause is remanded with instructions.
COBB and SHARP, JJ., concur.