**Charles HANSBROUGH, Petitioner–Appellant,**

**v.**

**Sherrell Wayne LATTA, Jailer, Attorney General of the State of Alabama, Respondents–Appellees.**

No. 91–7735.

United States Court of Appeals, Eleventh Circuit.

Jan. 7, 1994.

Charles Hansbrough, pro se.

Jo Alison Taylor, Birmingham, AL, for petitioner-appellant.

James B. Prude, Asst. Atty. Gen., Montgomery, AL, for respondents-appellees.

Before KRAVITCH and BLACK, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

Hansbrough's Petition for Writ of Habeas Corpus was dismissed by the district court as procedurally barred. In the state court he attempted to raise federal constitutional issues, for example, that he was denied *Brady* material and that a search and seizure was illegal.

The issue before us is whether the action of the state court in striking Hansbrough's notice of appeal rests upon an independent and adequate state procedural rule that is firmly established and regularly followed, so as to deprive him of an opportunity for federal review on the merits. We find that he is entitled to such a review, and reverse.

*Procedural History*

Hansbrough was convicted in an Alabama state court for attempted theft first degree and for possession of forgery devices, and was sentenced to 20 years on each charge to run concurrently. He filed a timely oral notice of appeal on April 20, 1990 as authorized by Ala.R.App.P. 3(a)(2). On May 17, 1990 he filed a motion for a new trial. This motion was denied by the trial court on May 22, 1990, while Hansbrough's direct appeal was pending. He withdrew the oral notice of appeal on June 8, 1990 because he discovered that the trial court had appointed unwanted counsel and he wished to proceed *pro se.* Thereafter, on June 15, 1990 the Alabama Court of Criminal Appeals dismissed his oral notice of appeal. On June 28, 1990 Hansbrough filed a written *pro se* notice of appeal which was within 42 days after denial of his timely-filed motion for new trial as provided by Ala.R.App.P. 4(b)(1) [1], but more than 42 days of the date of sentencing. In this notice he stated that he wanted to appeal from the court's judgment of conviction on March 2, 1990 and the denial of his motion for a new trial on May 22, 1990. On July 8, 1990, the Alabama Court of Criminal Appeals "struck" the second notice of appeal without opinion or further explanation. The district court concluded that the state court proceedings constituted a procedural default precluding federal habeas review on the merits.

In the Report of the Magistrate Judge adopted by the district court, it was stated that:

1. Rule 4. Appeal As of Right—When Taken
 (b) Appeals in Criminal Cases.
 (1) Circuit Court. In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2) ... If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion....

It is not clear whether the court viewed the second appeal as being barred by the dismissal of the first or as being untimely; either is a possibility. In either event it is apparent that the Alabama Court of Criminal Appeals viewed the written notice of appeal filed June 27, 1990, to be insufficient to invoke its appellate jurisdiction to review the merits of the petitioner's appeal.

The combination of the petitioner's dismissal of his first appeal and the striking of his second appeal constitutes an independent and adequate state ground precluding consideration of the merits of the habeas claims now before the court.

### Analysis

Hansbrough's notice of appeal filed after the denial of his motion for new trial would have been deemed timely, absent the earlier oral notice. The state argues that the withdrawal acted as a bar to his subsequent appeal. It further contends that the filing of a motion for a new trial tolls the running of the 42–day limit only if the notice of appeal is given *after* the motion is filed, but has no tolling effect if the notice of appeal is given *prior* to the filing of the new trial motion. When Hansbrough withdrew his oral notice of appeal, the state argues that his notice became "vacated *ab initio*," and the time limit for any subsequent notice of appeal would be calculated from the date of sentencing, which was more than 42 days before he filed his second notice of appeal. Thus the dismissal of the original notice of appeal constituted a procedural default of the claim he raises in his habeas petition under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Hansbrough argues that the state action must rest on independent and adequate state procedural grounds. In order to be "independent", the rule may not be intertwined with an interpretation of federal law; the state court must have relied on a state rule sufficient to justify its decision. In order to be "adequate", the rule must not be applied in an arbitrary or unprecedented fashion. He contends that the Alabama Court of Criminal Appeals relied on a novel procedural requirement which he could not have reasonably known about.

Whether a petitioner's actions have created a state law procedural bar is a mixed question of law and fact, which this Court reviews *de novo*. *Tower v. Phillips*, 7 F.3d 206, 208 (11th Cir.1993).

The record does not contain a "plain statement" of why Hansbrough's second notice of appeal was stricken. *See Harmon v. Barton*, 894 F.2d 1268, 1271 (11th Cir.), *cert. denied*, 498 U.S. 832, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990). Even if a plain statement is lacking, a federal court should not address the claim unless it "fairly appears" that the state court's decision "rested primarily on federal law or was interwoven with such law". *Coleman v. Thompson*, 501 U.S. ——, ——, 111 S.Ct. 2546, 2559, 115 L.Ed.2d 640 (1991). It does not "fairly appear", however, that the dismissal was based upon or interwoven with federal law. Thus, federal review of Hansbrough's claim is barred, absent a showing of cause and prejudice, if the state applied its well established and regularly followed procedural rules to dismiss the appeal.

### Discussion

There is no Alabama rule or law that a voluntary dismissal of an appeal is with prejudice so as to bar a subsequent appeal. Likewise, there is no Alabama case holding that post-trial motions have no tolling effect if a notice of appeal has already been filed when the motions are denied.

In this case, Hansbrough had made clear in the trial court and on appeal that he intended to proceed *pro se*. The trial court nonetheless appointed counsel. When Hansbrough became aware of that, he undertook action to correct the situation. The question is not whether Hansbrough was well advised to proceed without counsel, or whether there was some other way to effect removal of this undesired counsel. The question is whether his action transgressed a firmly established and regularly followed state procedural rule.

In *Ford v. Georgia*, 498 U.S. 411, 423, 111 S.Ct. 850, 857, 112 L.Ed.2d 935 (1991), the Supreme Court followed *James v.*

**146**

*Kentucky,* 466 U.S. 341, 348–51, 104 S.Ct. 1830, 1835–36, 80 L.Ed.2d 346 (1984), in holding "that only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." Novel procedural requirements or those of whose existence the defendant could not reasonably be deemed to have been apprised, cannot be permitted to thwart review of cases seeking vindication in state courts of federal constitutional rights. *See NAACP v. Alabama, ex rel. Flowers,* 377 U.S. 288, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964); *Wright v. Georgia,* 373 U.S. 284, 83 S.Ct. 1240, 10 L.Ed.2d 349 (1963); *Spencer v. Kemp,* 781 F.2d 1458, 1463, 1469–71 (11th Cir.1986) (en banc).

 We can find nothing in Alabama's appellate or criminal rules which could reasonably be construed as apprising Hansbrough that dismissal of his orally-noticed appeal and refiling as provided by the Rule would or even might be untimely or constitute a waiver of his right to appeal. The striking of Hansbrough's notice of appeal by the Alabama Court of Criminal Appeals was not grounded on a "firmly established, regularly followed" procedural rule. In fact, Alabama has no rule at all, either providing that withdrawal of one notice of appeal acts as a bar to the second, or providing that the filing of a second notice of appeal more than 42 days after denial of post-trial motions is untimely if a prior notice has previously been withdrawn. The fact that Hansbrough filed a notice of appeal prior to filing his post-sentencing motions does not appear to be relevant to the issues because under Ala. R.App.P. 4(b)(1), a premotion notice of appeal is treated as having been filed on the date the motion is denied.

### Conclusion

We reverse the district court's denial of Hansbrough's habeas petition on the grounds of procedural default and remand for consideration on the merits.

REVERSED and REMANDED.