**Timothy L. UPSHAW, Petitioner–Appellant,**

v.

**Harry K. SINGLETARY; Robert Butterworth, Respondents–Appellees.**

**No. 93–3154.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 12, 1995.

---

Dawn Weiger O'Neill, David J. Plante, Merkle & Magri, P.A., Tampa, FL, for Appellant.

Michele Jana Taylor, Atty. General's Office, Dept. of Legal Affairs, Tampa, FL, for Appellees.

ON PETITION FOR REHEARING

Before BLACK and BARKETT, Circuit Judges, and RONEY, Senior Circuit Judge.

BARKETT, Circuit Judge:

Timothy Upshaw, a Florida prison inmate who pleaded guilty to two first-degree felony murders, appeals the district court's judgment denying his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[1] The petition contained several claims of ineffective assistance of counsel and

---

1. Our prior opinion in this case is reported at 54 F.3d 718 (11th Cir.1995). Rehearing is granted, and this opinion replaces the prior opinion.

one claim of a due process violation. The district court dismissed the petition without holding an evidentiary hearing after determining that all of the claims were procedurally barred.

Upshaw now argues that the claims were not procedurally barred and that he should have received an evidentiary hearing. Upon review, we find no reversible error in the court's denial of all but two of the claims and affirm as to them.[2] We find, however, that the court erred in determining that two of the ineffective-assistance-of-counsel claims were procedurally barred, and reverse and remand for an evidentiary hearing on those claims, namely:

(1) that counsel was ineffective for failing to investigate and assess defenses and mitigating circumstances regarding Upshaw's mental state at the time of the crime, thereby giving Upshaw erroneous and incomplete information about the likelihood of receiving the death penalty at trial, and rendering his guilty pleas unknowing and involuntary; and

(2) that counsel was ineffective for instructing and persuading Upshaw to perjure himself to the court by denying that he was under the influence of drugs during the plea colloquy, rendering his pleas involuntary.

## FACTS

In 1986 Upshaw started a fire at the home of his former girlfriend in St. Petersburg, Florida. Unknown to Upshaw, her two children were asleep in a bedroom and died in the fire. After learning of their deaths two days later, Upshaw attempted suicide by overdosing on medication; while receiving paramedical care, he stated that he "did not mean to hurt the kids," thereby becoming a suspect in the investigation of the fire. About two weeks later, Upshaw confessed to starting the fire, emphasizing that he thought the house was empty and that no one would get hurt. Upshaw was arrested and charged with two counts of felony murder.

Upshaw alleges that he has suffered from mental illness since childhood, that he had been hospitalized for psychiatric treatment shortly before the fire, and that he was under the influence of psychotropic drugs when he set the fire. He further alleges that during pretrial detention, he was kept under a suicide watch and received psychiatric treatment and medications, including Desyril, Millaril, Xanak, Elivil and Trilafon.

A public defender ("counsel") was appointed to represent Upshaw. Upshaw alleges that counsel, with little or no investigation into defenses and mitigating circumstances regarding his mental state, told him he had no defense to the charges and that he would be sentenced to death if he went to trial. Upshaw further alleges that counsel, without advising him, offered to plead to two consecutive life terms and the imposition of twenty-five year mandatory minimums for each of the felony murders; and that after the state accepted the offer, counsel emphasized that Upshaw would receive the death penalty if he went to trial.

Upshaw asserts that the morning of the plea hearing, counsel told him that in order to have the plea "go smoothly," he should inform the court that he was not taking any medication. During the plea colloquy, Upshaw did state that he was not under the influence of any drugs and that he was entering the plea knowingly and voluntarily. The court accepted Upshaw's plea and sentenced him to two consecutive, 25–year-minimum, life sentences.

## PROCEDURAL BAR

◼ Two basic prerequisites to federal habeas review are implicated by this appeal. First, the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated. *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Nelson v. Nagle,* 995

---

**2.** We affirm without discussion the court's denial of Upshaw's claims that (1) the court's acceptance of his guilty pleas without a competency hearing violated due process; (2) counsel was ineffective for failing to move for the suppression of Upshaw's confession; and (3) counsel was ineffective for failing to move for a competency hearing. *See* 11th Cir.R. 36–1.

F.2d 1549, 1553 (11th Cir.1993). In Florida, in non-death penalty cases, the applicant must have apprised a district court of appeal. *Smith v. White*, 719 F.2d 390, 391 (11th Cir.1983).

■■■ Second, the applicant must have presented his claims in state court in a procedurally correct manner. A state court's denial of a claim based on a procedural violation generally bars a federal court from considering the claim. For a claim to be barred from federal review, however, the procedural violation must provide an "adequate and independent" ground for denial of the claim. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).[3] In order to be "adequate," the rule must not have been applied by the state court in an inconsistent or manifestly unfair manner.[4] *See Hansbrough v. Latta*, 11 F.3d 143, 145 (11th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 291, 130 L.Ed.2d 205 (1994); *Spencer v. Kemp*, 781 F.2d 1458, 1470 (11th Cir.1986).

We first address Upshaw's claim that counsel was ineffective because he failed to investigate and assess defenses and mitigating circumstances based upon Upshaw's mental state at the time of the crime. Upshaw alleges that effective counsel would have investigated defenses and mitigating circumstances based on the evidence indicating he lacked homicidal intent, and consequently would have learned that second-degree murder was possibly available as a lesser included offense under Florida law. Upshaw claims that counsel's failures in this regard resulted in the provision of erroneous and incomplete information and advice about the likelihood that Upshaw would receive the death penalty at trial, thereby rendering his pleas unknowing and involuntary. The district court found this claim procedurally barred without explanation, simply stating that it was denied in state court "for failure to follow state procedural rules."

The government concedes that the district court erred in finding this claim procedurally barred. We agree. As the government candidly recognizes, Upshaw raised this claim in his second motion for post-conviction relief in state circuit court; the court denied the claim based not on procedural grounds but on federal grounds; and Upshaw appealed the denial of the claim to the district court of appeal. Thus, the claim is not procedurally barred.

■■■ We next consider Upshaw's claim that counsel was ineffective for instructing him to perjure himself by stating during the plea colloquy that he was not under the influence of any drugs when he was in fact taking psychotropic medication, rendering his guilty plea involuntary. The district court found this claim procedurally barred because the state court denied post-conviction relief on the procedural ground that the claim "was known to the defendant at the time of sentencing and was properly presentable on [a direct] appeal which the defendant took. *Battle v. State*, 388 So.2d 1323 (Fla. 5th DCA 1980)." The rule embodied in *Battle* provided that a state court may summarily deny motions for post-conviction relief based upon grounds "which could have been raised on appeal." *McCrae v. State*, 437 So.2d 1388, 1390 (Fla.1983) (citing *Battle*, 388 So.2d at 1323).

Upshaw argues that the district court erred by finding this claim procedurally barred because the state court applied the *Battle* rule to the claim in an inconsistent and unfair fashion. He contends that under Florida law, his failure to directly appeal the validity of his plea did not prohibit him from raising the issue on collateral review. Upshaw argues that it therefore was inconsistent and unfair for the state court to deny the claim on collateral review on the ground that he could have raised it on direct appeal.

The government concedes that "the failure of a defendant to raise the issue of the

---

**3.** Even if a state procedural violation provides an adequate and independent ground, a petitioner can obtain federal habeas review if he can show cause for the violation and prejudice from the bar, or demonstrate that a "fundamental miscarriage" of justice will result from the bar. *Cole-*

*man*, 501 U.S. at 750, 111 S.Ct. at 2565, 115 L.Ed.2d 640.

**4.** Only the adequacy, and not the independence, of a state procedural rule is at issue in the present case.

validity of the plea by an appeal does not prohibit him from subsequently seeking collateral relief if the issues have not been previously addressed and ruled upon." *Robinson v. State*, 373 So.2d 898, 903 (Fla.1979). As further conceded by the government, the validity of Upshaw's plea had not been addressed or ruled upon at the time he sought collateral review. Accordingly, we conclude that it was inconsistent and manifestly unfair for the state court to deny the claim based on the procedural ground that it was not presented on direct appeal. Because the state court's denial of the claim was inconsistent and manifestly unfair, the denial did not provide an adequate ground to preclude federal review. Thus, the claim is not procedurally barred.

## EVIDENTIARY HEARING

■ The government argues that we should affirm the district court because the claims have no merit. It is quite apparent, however, that the allegations of the habeas corpus petition, in light of the record, entitle Upshaw to an evidentiary hearing on the two claims not procedurally barred. *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir.1987), *cert. denied*, 487 U.S. 1205, 108 S.Ct. 2846, 101 L.Ed.2d 884 (1988).

## CONCLUSION

We *affirm* the district court's judgment denying Upshaw's claims that the court's acceptance of his guilty pleas violated due process because they were obtained without a competency hearing despite evidence suggesting he was incompetent; that counsel was ineffective for failing to move for the suppression of his confession; and that counsel was ineffective for failing to move for a competency hearing.

We *reverse* as to the claim that counsel was ineffective for failing to investigate and assess defenses and mitigating circumstances regarding Upshaw's mental state at the time of the crime; and as to the claim that counsel was ineffective for instructing and persuading Upshaw to perjure himself to the court by denying that he was under the influence of drugs during the plea colloquy. We *remand* the case for an evidentiary hearing

and determination whether Upshaw is entitled to relief on these claims.

AFFIRMED in part; REVERSED in part; REMANDED.