[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 14, 2007
THOMAS K. KAHN
CLERK

No. 06-14108
Non-Argument Calendar
_____

D. C. Docket No. 05-00629-CV-TWT-1

ABDULLAH M. RASHEED,

Petitioner-Appellant,

versus

HUGH SMITH, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 14, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Abdullah M. Rasheed, a <u>pro se</u> Georgia prisoner convicted of armed robbery, aggravated assault, and false imprisonment and serving a 25-year term of imprisonment, appeals the district court's denial of his 28 U.S.C. § 2254 petition

for writ of habeas corpus. In his petition, Rasheed asserted, among other things, the following claims: (1) that the evidence was insufficient to support his conviction for armed robbery; and (2) that he received ineffective assistance of counsel based on trial counsel's failure to challenge the indictment, to investigate the backgrounds of a state witness and the victims, and to move for a mistrial or renew Rasheed's motion for a severance.[1] The district court denied habeas relief. After careful review, we affirm.

We review a district court's grant or denial of a § 2254 petition de novo, and the district court's underlying factual findings for clear error. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). In reviewing a state court's decision denying habeas relief, a federal court is prohibited from granting habeas relief unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §

---

[1]We discern no error in the district court's conclusion that the state courts' analysis of Rasheed's ineffective-assistance-of-appellate-counsel claims was not contrary to, nor an unreasonable application of, clearly established federal law. To the extent Rasheed raises claims that he did not assert in the district court -- including the assertion that his trial counsel was ineffective for failing to quash the original indictment, and that his appellate counsel was ineffective for failing to raise an ineffective-assistance claim against his trial counsel for not challenging the indictment -- we will not consider them for the first time here.

2254(d). Moreover, factual findings of state courts are presumed to be correct, and a habeas petitioner can rebut them only by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id.

First, Rasheed argues that there was inadequate evidence to support his conviction for armed robbery. The Supreme Court has held, in the context of a state prisoner's habeas challenge to the sufficiency of the evidence to support his conviction, that the "critical inquiry" is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original), overruled on other grounds by Schlup v. Delo, 513 U.S. 298 (1995). The Court noted that it is the duty of the trier of fact "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," and stressed that a reviewing court may not substitute its judgment as to whether it believes the evidence to be sufficient to sustain a conviction. Id. In weighing the sufficiency of the evidence, the evidence need not rule out every hypothesis except that of guilt beyond a reasonable doubt. Martin v. Alabama, 730 F.2d 721, 724 (11th Cir. 1994).

In Georgia, the elements of armed robbery are (1) intent to commit a theft; (2) taking property of another from a person or the immediate presence of another; and (3) the use of an offensive weapon to accomplish the taking. O.C.G.A. § 16-8-41. At Rasheed's trial, the state presented testimony that co-defendant Vetena Garr took property from the immediate presence of the victims by the use of an offensive weapon, within the meaning of § 16-8-41. There was also testimony that Garr acted with Rasheed's encouragement and went along with the robbery because she (Garr) feared that Rasheed would kill or hurt her if she did not comply.

4

Moreover, Rasheed testified that he was present during the robbery, and admitted in a statement that he shared in the proceeds of the crime.

The Georgia Court of Appeals' analysis of the sufficiency of the evidence was not contrary to nor an unreasonable application of clearly established federal law. The state court specifically cited to the controlling Supreme Court precedent on such a claim and applied the standard in reaching its decision. The evidence in this case, viewed in the light most favorable to the jury's verdict, demonstrates that a rational juror could have found Rasheed guilty beyond a reasonable doubt of armed robbery, under Georgia law. Accordingly, the state courts' analysis was not contrary to, or an unreasonable application of, the principles of Jackson.

Turning to Rasheed's claims of ineffective assistance of counsel, we review de novo a determination that a habeas claim was procedurally defaulted. Brownlee v. Haley, 306 F.3d 1043, 1058 (11th Cir. 2002). We also review mixed questions of law and fact, including ineffective-assistance-of-counsel claims, de novo. Id.

The clearly established law on ineffective-assistance-of-counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984), in which the Supreme Court established a two-prong test for adjudicating such claims. First, a petitioner must show that counsel's performance was deficient. Id. at 687. The proper measure of performance is "reasonableness under prevailing professional norms."

5

Id. at 688. Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised reasonable professional judgment. Id. at 690. Counsel's performance is deficient if counsel made errors so egregious that he was not functioning as the counsel guaranteed under the Sixth Amendment. Id. at 687.

Second, a movant must show that the deficient performance prejudiced the defense. Id. To prove prejudice, a movant must show that there is a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. Id. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693.

Here, the Georgia Court of Appeals' analysis of Rasheed's ineffective-assistance-of-counsel claim based on trial counsel's alleged failure to investigate was neither contrary to, nor an unreasonable application of, the well-established law of Strickland. The state court identified the correct standard and applied it to the factual findings, which were not clearly erroneous and, indeed, were fully supported by the testimony presented at the evidentiary hearing on Rasheed's motion for a new trial. The Georgia court found that Rasheed's trial counsel had made a tactical decision concerning the scope of his investigation into whether the scene of the armed robbery -- a food mart -- was, in actuality, a drug dealing

establishment. Counsel testified that such a theory was inconsistent with Rasheed's theory of defense, which was that Rasheed had no connection to the robbery other than merely being present. Thus, the Georgia court concluded Rasheed had not satisfied his burden on the performance prong of the Strickland ineffective-assistance test.[2] This conclusion was not contrary to, or an unreasonable application of, Strickland.

Likewise, the denial of Rasheed's claim of ineffective assistance of counsel for failure to move for a mistrial or renew a motion for a severance was not contrary to, or an unreasonable application of, Strickland. During the hearing on Rasheed's motion for a new trial, the trial court specifically stated that had counsel moved for a mistrial, it would not have granted the motion. Moreover, the Georgia Court of Appeals noted that if such a motion had been filed, and denied, such a ruling would not have been disturbed on appeal. Thus, trial counsel's performance was not deficient under Strickland -- the filing of a mistrial motion, or a motion for severance, would have been futile and thus, counsel's decision not to pursue this

---

[2] Given Rasheed's failure to satisfy the first prong, the state court was not required to consider the second prong. See Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000). We observe, however, that the court concluded that Rasheed's ineffective-assistance claim based on trial counsel's investigation also failed on the prejudice prong.

course of action was not deficient under <u>Strickland</u>. For the same reasons, Rasheed has failed to show prejudice as to this claim.[3]

Accordingly, the district court did not err in denying the petition for writ of habeas corpus.

**AFFIRMED.**

---

[3] With respect to Rasheed's ineffective-assistance claim for failure to file a renewed motion for a severance, the Georgia Court of Appeals concluded that Rasheed had waived this claim by not raising it on direct appeal. The existence of an adequate and independent state ground for denial of the claim procedurally bars this Court's review. <u>See</u> <u>Upshaw v. Singletary</u>, 70 F.3d 576, 579 (11th Cir. 1995). Moreover, Rasheed has not shown cause for the default and actual prejudice, nor has he established a fundamental miscarriage of justice sufficient to excuse the default.