[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-13799
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 05-00498-CR-T-17MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SELESTINO SANCHEZ, SR.,
a.k.a. Don Felix,
a.k.a. Pops,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------

**(May 20, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Selestino Sanchez, Sr. appeals the 235-month sentence imposed after he pled guilty to cocaine and methamphetamine drug trafficking offenses. No reversible error has been shown; we affirm.

At sentencing, Defendant admitted generally his relevant conduct but took exception to two factual particulars to which he had agreed at his plea colloquy: (1) that he trafficked in methamphetamine – he claimed personal use only of this drug; and (2) that he had cocaine dealings with confidential informant Nunez. Defendant took issue with these particular facts only; he admitted facts sufficient to support his guilty plea.

Once Defendant placed in issue his relevant conduct, testimony was taken from a Special Agent who had worked the conspiracy. This testimony included hearsay statements of a co-conspirator about Defendant's methamphetamine trafficking activity. The Special Agent also testified that he found information provided by the co-conspirator to be reliable and corroborated by other evidence. Because Defendant failed to take responsibility on these particulars, the district court denied Defendant an adjustment for acceptance of responsibility.

Defendant first argues that his Sixth Amendment confrontation rights were violated when the district court allowed the Special Agent to include hearsay

statements made by Defendant's co-conspirator in the Agent's testimony in support of the disputed conduct.  This contention is foreclosed by our decision in United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005).  Cantellano rejected specifically the argument raised by Defendant that Crawford v. Washington, 124 S.Ct. 1354 (2004), should apply to make impermissible the use of out-of-court statements at sentencing.  Id.  In Cantellano we said these things:

> Crawford dealt with trial rights and we see no reason to extend Crawford to sentencing proceedings.  The right to confrontation is not a sentencing right.  The sentencing court did not err, under Crawford, when it considered hearsay evidence....

Id.  We are bound by the prior-precedent rule: "[t]he law of this circuit is 'emphatic' that only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision." Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997).  We do not – nor could we – accept Defendant's invitation to revisit Cantellano.[*]  The district court committed no error – plain or otherwise – when it admitted hearsay testimony at the sentencing hearing.

---

[*]Defendant cites us to Proffitt v. Wainwright, 685 F.2d 1227 (11th Cir. 1982), in support of his argument that Crawford's Confrontation Clause holding should apply in sentencing proceedings.  Proffitt recognized a right to cross-examination in the context of capital sentencing.  Id. at 1254-55.  To the extent Defendant argues that Proffitt is a precedent prior to Cantellano and vitiates the validity of the latter case, we disagree.  Proffitt is a capital sentencing case; it intended to set out – and can set out –  no binding precedent for non-capital sentencing proceedings.

3

Defendant next argues that even if the hearsay properly is considered, the district court was clearly erroneous when it determined that Defendant should be awarded no acceptance of responsibility adjustment. Defendant points out that the only evidence that he did not accept responsibility was the hearsay testimony of the Special Agent and that this testimony was insufficient to counter Defendant's account. We "will not set aside a district court's determination that a defendant is not entitled to a § 3E1.1 adjustment unless the facts in the record clearly establish that the defendant has accepted responsibility." United States v. Moriarty, 429 F.3d 1012, 1022-23 (11th Cir. 2005). And the burden of establishing entitlement to an acceptance of responsibility downward reduction rests upon the defendant. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005).

That Defendant pled guilty is significant evidence of acceptance of responsibility. But "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.1(a)); Williams, 408 F.3d at 756. The Special Agent testified he found the information provided by the co-conspirator to be reliable or corroborated by other evidence, including intercepted telephone conversations between Defendant and the co-conspirator. The district court found the Special Agent's testimony about

4

the disputed conduct to be credible; it considered Defendant's denials to be incredible. Defendant's counsel acknowledged expressly that the government would be able to prove the disputed conduct during his Rule 11 plea colloquy. On this record, we can not say the district court clearly erred when it determined that Defendant had not shown his entitlement to an acceptance of responsibility adjustment. See Moriarty, 429 F.3d at 1022-23; see also Williams, 408 F.3d at 756-57.

AFFIRMED.