Chi v. Barr

BIA
A 087 563 620

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> *Circuit Judges.*[1]

_____

YUSHUANG CHI,
> *Petitioner,*

> v.                                              18-2350
>                                                 NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Louis H. Klein, Esq., The Kasen
                             Law Firm, PLLC, Flushing, NY.

---

1 - Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. *See* 2d Cir. IOP E(b).

**FOR RESPONDENT:**    Joseph H. Hunt, Assistant Attorney General; Derek C. Julius, Assistant Director; Zoe J. Heller, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yushuang Chi, a native and citizen of China, seeks review of a July 11, 2018, decision of the BIA denying Chi's untimely motion to reopen proceedings and to reissue its January 2017 decision ordering her removal to China. *In re Yushuang Chi*, No. A 087 563 620 (B.I.A. Jul. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the agency's denial of a motion to reopen or reissue for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008) (motion to reopen); *Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) (motion to reissue). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from

established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

As an initial matter, because Chi has not meaningfully challenged the BIA's determination that it did not have authority to administratively close her case, she has waived review of that finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)). As discussed below, we otherwise find no abuse of discretion in the BIA's decision.

## I.  Motion to Reopen and Reissue

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i).  It is undisputed that Chi's motion was untimely: she filed it in February 2018, more than a year after the BIA affirmed the IJ's removal order in January 2017.  While there are limited exceptions to this

3

deadline, including when reopening is sought to apply for asylum based on a change in the country of removal or where counsel was ineffective, Chi does not assert that these exceptions apply. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3) (listing exceptions); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) (ineffective assistance); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board").

Chi instead argues that the BIA should have reopened based on a pending visa petition filed by her lawful permanent resident husband. She relies on *In re Velarde-Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002), in which the BIA held that it may grant a "properly filed" motion to reopen for the purpose of applying for adjustment of status where a visa petition is pending and the motion meets five specific requirements. However, Chi did not satisfy the first requirement that the motion be timely filed. *In re Velarde-Pacheco*, 23 I. & N. Dec. at 256.

4

Chi also argues that she merits equitable tolling or reissuance of the BIA's decision because (1) she was financially unable to file a petition for review of the BIA's January 2017 decision, and (2) denying reopening would punish her for U.S. Citizenship and Immigration Services taking too long to adjudicate her visa petition and would violate due process.

Although "the ninety-day deadline for filing a motion to reopen is subject to equitable tolling under appropriate circumstances," *Xue Yong Zhang v. Holder*, 617 F.3d 650, 658 (2d Cir. 2010), the BIA did not abuse its discretion in concluding that Chi did not merit equitable tolling or in declining to reissue its decision.

First, Chi is essentially arguing that because she could not afford to petition for review earlier, the BIA should excuse her late filed motion to reopen based on a new form of relief. It is unclear how failing to seek review of the BIA's 2017 decision affirming the denial of asylum relates to her motion to reopen solely to seek adjustment of status based on her marriage—which occurred after the IJ's removal order. Moreover, Chi was not barred from petitioning for review

5

because this Court may waive filing fees for litigants who are unable to pay, and Chi could have proceeded pro se or moved for appointment of pro bono counsel. *See* 28 U.S.C. § 1915(a)(1), (e)(1).

Second, Chi does not state a due process claim because, as noted above, she could have filed a pro se petition for review and requested in forma pauperis status, and Chi does not have a constitutionally protected liberty or property interest in a grant of adjustment of status because it is a discretionary form of relief. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156–57 (2d Cir. 2008). Moreover, Chi could have pursued this relief earlier. She married her husband in February 2016, before the BIA ruled on her appeal, but her husband did not file the visa petition until almost a year after the BIA's January 2017 decision.

Accordingly, because Chi's motion did not fall within any exception to the 90-day filing deadline and she did not establish that she was entitled to equitable tolling, the BIA did not abuse its discretion in denying her motion to reopen or reissue.

**II. Nunc Pro Tunc Relief**

6

Chi also did not establish that she warranted relief nunc pro tunc. "When a matter is adjudicated *nunc pro tunc*, it is as if it were done as of the time that it should have been done." *Edwards v. INS*, 393 F.3d 299, 308 (2d Cir. 2004). "It is . . . beyond question that an award of *nunc pro tunc* may, *in an appropriate circumstance*, be granted as a means of rectifying error in immigration proceedings." *Xue Yong Zhang*, 617 F.3d at 665 (quoting *Edwards*, 393 F.3d at 309).

Chi raises no legal arguments as to why she deserves nunc pro tunc relief; instead she generally claims that her situation is "sympathetic" and deserving of this equitable relief. Nunc pro tunc relief is not warranted here because there is no agency error: Chi was not deprived of an opportunity to seek a form of relief, here adjustment of status. *See Edwards*, 393 F.3d at 310. Her visa petition is pending, and her allegation of agency delay is unsupported given that she and her husband waited almost two years after their marriage and almost a year after the BIA's initial decision affirming her removal order to file the visa petition.

7

## III. Sua Sponte Reopening

Absent a timely motion to reopen as set forth in 8 U.S.C. § 1229a(c)(7), the BIA has the authority to reopen sua sponte as a matter of discretion. *See* 8 C.F.R. § 1003.2(a). However, we lack jurisdiction to review the agency's "entirely discretionary" decision declining to exercise that authority. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although there is an exception to this jurisdictional bar if the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there was no such misperception here as the BIA simply stated that sua sponte reopening was not warranted and did not opine on Chi's eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8